James Fitzgerald, Respondent, v. Burden Benevolent Associa-
tion of the City of Troy, Appellant.

*Incorporated benefit association — eligibility to membership limited — an ineligible
person admitted to membership not entitled to payment of benefits.*

A section of the constitution of "The Burden Benevolent Association of the City
of Troy," an incorporated benefit association, provided that "The membership
of this association shall be unlimited;" a subsequent section provided that
"This Association shall be open to any employee of the Burden Iron Company,
who shall have attained the age of eighteen, and who is not over fifty years of
age. who is in sound health and of good moral character, and able to support
himself and family."

*Held,* that the maxim *expressio unius est exclusio alterius* applied; that, conse-
quently, the latter section limited and qualified the former one; and, hence,
that a person who was not an employee of the Burden Iron Company was not,
under the constitution, eligible to membership;

That the *ultra vires* act of the corporation in admitting to membership a person
ineligible under its constitution did not bind the corporators so as to bind
them to pay benefits to such person.

APPEAL by the defendant, the Burden Benevolent Association of
the City of Troy, from a judgment of the County Court of Rens-
selaer county, entered in the office of the clerk of that county on the
21st day of December, 1891, affirming a judgment of the Justice's
Court of the city of Troy in favor of the plaintiff.

The action was brought to recover weekly benefits, amounting to
twenty dollars, to which the plaintiff claimed to be entitled by virtue
of membership in the defendant association.

On the trial, it was admitted by plaintiff that, at the time he was
admitted as a member of the defendant association, he was not and
had never been since in the employ of the Burden Iron Company.
It was admitted by the defendant that the plaintiff was proposed for
membership on the 21st of June, 1890, and was admitted as a mem-
ber on July 19, 1890, and had paid his initiation dues, and was not
indebted to the association for fines or dues; that on the 25th day of
April, 1891, he was injured, and for such injuries, if he was a
member of defendant, he would be entitled to the sum of fifteen
dollars benefit for which he could recover in this action; and that
at the time he applied for membership in defendant he made no
false representations.

*R. A. Parmenter,* for the appellant.

*John P. Curley,* for the respondent.

MAYHAM, P. J.:

The appellant is a corporation organized according to law, and as such has adopted a constitution and by-laws for its government.

By section 3 of article 1 of its constitution it is provided the membership of this association shall be unlimited.

By section 1 of article 5 of the same constitution it is provided as follows, under the title "Membership:" "This Association shall be open to any employee of the Burden Iron Company, who shall have attained the age of eighteen, and who is not over fifty years of age, who is in sound health and of good moral character, and able to support himself and family."

It is quite apparent that this latter provision limits and qualifies the provisions of section 3 of article 1 to the class of persons mentioned in article 5, and that within that class of persons membership is, by section 3 of article 1, unlimited.

No negative words or words of restriction are required in section 1 of article 5 to authorize that construction. The maxim *expressio unius est exclusio alterius* clearly applies in the construction of that section, and a person not an employee of the Burden Iron Company would not, under this constitution, be eligible to membership.

But independently of this rule of construction of the two sections above quoted it is manifest from the whole tenor of the constitution and by-laws of this association that it is confined in its membership to the employees of that company.

We are of opinion, therefore, that the respondent was ineligible as a member of this association; and this brings us to the consideration of the question of the effect of the illegal admission by the association of one not eligible to membership when the subject of benefits arises between such member and the association.

Did this corporation as such bind itself by its illegal act so as to be compelled to pay benefits to one not eligible to membership? Upon this subject we are cited to authorities containing the familiar principle that an individual acting *sui juris* can waive a statutory or even a constitutional provision in his own favor affecting his own property or alienable rights not involving considerations of public policy. (*Phyfe* v. *Eimer,* 45 N. Y. 104.)

This is doubtless true, but acts by an individual which would be waivers of a reserved right, and which would be an estoppel as to him, would, when performed by a corporation which derives its existence from and can only act under and within its charter, be *ultra vires* and not binding upon the corporators without their individual consent.

If, therefore, this corporation received a member not eligible, in violation of its charter, it is difficult to see how it could bind the corporators by that act in the nature of an executory promise to pay benefits to one not entitled to become a member.

I think, therefore, that the judgment of the justice in awarding the respondent benefits, and that of the County Court in affirming such judgment, were erroneous, and that both of said judgments should be reversed.

PUTNAM and HERRICK, JJ., concurred.

Judgment of justice and that of County Court reversed, with costs.